IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2012

Lyle W. Cayce
Clerk

No. 10-30807

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL DAVILA-MARTINEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-74-1

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Davila-Martinez challenges the 60-month sentence imposed by the district court following his guilty plea conviction for illegal reentry after deportation. We AFFIRM.

Davila-Martinez argues that the district court plainly erred by failing to comply with United States Sentencing Guidelines Section 4A1.3. The claimed error was the court's failure to explain in detail its departure from the criminal history category determined under the Guidelines and its selection of another

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one. He relatedly argues the district court abused its discretion in departing upward based on the inadequacy of his criminal history category.

The computation under the Guidelines resulted in an advisory range of 15 to 21 months. The Presentence Report did not suggest the criminal history category underrepresented the defendant's conduct. In imposing a sentence of 60 months, the district court did not state that it was utilizing Section 4A1.3 of the Guidelines. The court did indicate, though, that the criminal history computation was misleadingly low:

> I find that Mr. Davila's criminal history computation . . . is a fairly healthy one. He apparently doesn't have any respect for the laws of this country because he continues to violate them. He's only been charged once with illegal reentry. So I find that his criminal history computation under represents his actual criminal history.

> In determining the sentence to be imposed, I've considered the factors contained in 18 U.S.C. Section 3553 and the Sentencing Guidelines. . . . [I]t is the judgment of this Court that [Mr. Davila] be incarcerated for a term of 60 months.

The only objection counsel made was "under the facts and circumstances of this case that the sentence [of] 60 months is unreasonable. We acknowledge that prior to sentencing, nothing in this record suggested the court would increase the sentence above the Guidelines range due to a finding that the criminal history score was too low. Nonetheless, the district court identified that finding as part of its analysis. This put counsel on notice that the court disagreed with the sufficiency of the criminal history computation under the Guidelines. That notice created an obligation to object to any apparent error in the district court's using the disagreement to depart or vary, to ask for clarification in order better to form the objection, or otherwise to address the issue. As Davila-Martinez accepts, he did not preserve the error now being raised. We thus will review only for plain error. See United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir. 2009).

The specific error Davila-Martinez claims is that the district court failed to articulate required findings. Failing to explain adequately the chosen sentence is considered procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). The relevant requirements of Section 4A1.3 are these:

Determination of Extent of Upward Departure

(A)    In General.—Except as provided in subdivision (B), the court shall determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's.

(B)    Upward Departures from Category VI.—In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S. S.G. § 4A1.3(a)(4)(A) & (B) (2009).

The district court "should state for the record that it has considered each intermediate adjustment" and "explain why the criminal history category as calculated under the guidelines is inappropriate and why the category it chooses is appropriate." United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc). Similar explanations are to be made when the district court determines that a departure above criminal history category VI is warranted. United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir. 1995).

This obligation does not mean the district court must discuss mechanically "each criminal history category it rejects en route to the category it selects." Lambert, 984 F.2d at 663. "Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate." Id. Where

it is not evident from the stated ground for departure, an "appellate court must be able to ascertain from the reasons given for the sentence selected, read in the context of the record as a whole, the legitimate basis or bases on which the district court deemed the bypassed category inadequate." Id.

As stated in the PSR, Davila-Martinez's criminal history category IV and offense level 10 placed the Guidelines range at 15 to 21 months. A criminal history category of VI and offense level of 17 or 18 results in a sentence of 60 months. U.S. Sentencing Guidelines Manual, Sentencing Table (2009). In order to arrive at a sentence of 60 months, the district court must pass by criminal history category V to arrive at VI. The court must then progress beyond intermediate offense levels 11 through 16 or 17 to reach the final appropriate Guidelines range.

The basis for claiming error here is that the district court did not state on the record that it considered intermediate adjustments and then explain why those were rejected. The PSR, though, stated the initial Guidelines range where the district court implicitly began. The district court's written statement of reasons reveal that the court was concerned that Davila-Martinez's criminal history evidenced he had "a blatant disrespect for the laws of this country." Among those incidents were prior illegal reentries for which he was not prosecuted. The court determined this record warranted imprisonment for 60 months. The basis for the court's rejection of intermediate categories was implicit. As we earlier quoted from Lambert, often "the district court's reasons for rejecting intermediate categories will clearly be implicit," and that is sufficient. Lambert, 984 F.2d at 663. It is the rare case that the district court "will need to explain in careful detail why lesser adjustments in the defendant's criminal history score would be inadequate." Id.

Further, Davila-Martinez has not shown that any error affected his substantial rights as he has not shown that there is a reasonable probability that, but for the district court's failure to articulate the reasoning, he would have

received a lesser sentence or that the district court could not have imposed the same sentence. See United States v. Jones, 444 F.3d 430, 438 (5th Cir. 2006).

Davila-Martinez also argues that the district court erred because his criminal history category of IV adequately represented his criminal history. The Guidelines specifically permit a sentencing court to depart upward if a defendant's "criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The district court's decision to depart upward was justified by the facts of the case. United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. 2006).

AFFIRMED.