# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-20121
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ANTONIO CERDA-MENDEZ,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-599-1

————

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jose Antonio Cerda-Mendez appeals the sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). Cerda's advisory Sentencing Guidelines range of imprisonment was 24 to 30 months. The district court departed upwardly pursuant to Guideline § 4A1.3 and imposed, *inter alia*, 60-months' imprisonment.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-20121

Cerda contends: the court procedurally erred by failing to explain adequately its decision to deviate 30 months above the advisory Guidelines sentencing range; and, his sentence was substantively unreasonable as too much emphasis was placed on his prior unprosecuted deportations and removals from the United States.

Although *post-Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  Reasonableness review, in the context of a departure, requires us to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion".  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For the claimed procedural error, the court's statements both at sentencing and in the statement of reasons were sufficient to support the departure.  The court adopted the presentence investigation report, which stated an upward departure might be appropriate under Guideline § 4A1.3 based on underrepresentation of Cerda's criminal history; and, the court explained it was departing upward based on Cerda's "egregious criminal history":  his seven prior convictions for driving while intoxicated and his five prior unprosecuted deportations and removals.

2

While the court did not explicitly consider on the record each intermediate offense level, *see United States v. Lambert*, 984 F.2d 658, 662–63 (5th Cir. 1993) (en banc), it is clear from its explanation for the departure that it determined both the extent and nature of Cerda's criminal history, including his five prior unprosecuted deportations and voluntary removals not resulting in criminal convictions, warranted no less than an increase to 60 months' imprisonment. *See United States v. Ashburn*, 38 F.3d 803, 809–10 (5th Cir. 1994) (en banc); *United States v. Davila-Martinez*, 464 F. App'x 247, 249–50 (5th Cir. 2012) (approving upward departure to 60 months' imprisonment based, in part, on prior illegal reentries for which defendant was not prosecuted). Nor was the size of the departure so drastic as to require an "explanation in careful detail" of the reasons why lesser offense levels were inadequate. *See Ashburn*, 38 F.3d at 809–10 (internal quotation marks and citation omitted).

Regarding the claimed substantive unreasonableness, given Cerda's lengthy criminal history, including his multiple unscored deportations and removals, his challenge to the departure is unavailing. *See* U.S.S.G. § 4A1.3(a)(1); *Zuniga-Peralta*, 442 F.3d at 347–48. Accounting for the full nature and extent of Cerda's criminal history advances the objectives provided in 18 U.S.C. § 3553(a)(2), particularly affording adequate deterrence and protecting the public; and the departure is justified by the facts. *See* 18 U.S.C. § 3553(a)(2)(B), (C); *Zuniga-Peralta*, 442 F.3d at 347–48. Moreover, the extent of the departure was well-within the range of departures our court has upheld. *See United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008) (affirming upward departure or variance to 180 months where the top of the Guidelines sentencing range was 51 months); *Zuniga-Peralta*, 442 F.3d at 346–48

No. 18-20121

(affirming upward departure to 60 months from the 27 to 33 months' Guidelines sentencing range).

AFFIRMED.